IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MIGUEL PANTOJA MARZAN
SANDRA I. PINTADO VALENTIN

    Debtors

CASE NO. 17-06250 (ESL)

CHAPTER 13

OPINION AND ORDER

This case is before the court upon debtors' *Motion to Strike and Objection to Notice of Post-Petition Mortgage Fees, Expenses and Charges Filed by Banco Popular de Puerto Rico* (Docket No. 16); *BPPR's Response to Debtors' Motion to Strike and Objection to Notice of Post-Petition Mortgage Fees, Expenses and Charges* filed by Banco Popular de Puerto Rico ("BPPR") (Docket No. 17); the Debtors' *Reply to Response to Motion to Strike Docket Entry Number 17 Filed by Banco Popular de Puerto Rico* (Docket No. 26) and *BPPR's Position as to the Debtors' Objection to Notice and Request for Determination of Post-Petition Mortgage Fees, Expenses, and Charges Filed by Secured Creditor Banco Popular de Puerto Rico (Proof of Claim No. 4)* (Docket No. 30).

The Debtors request the disallowance of $150.00 included in the *Notice of Postpetition Mortgage Fees, Expenses, and Changes* filed by BPPR on 12/13/2017. The initial *Notice of Postpetition Mortgage Fees, Expenses, and Charges* filed by BPPR stated that the fee of $150.00 were related to the filing of a *Notice of Mortgage Payment Change* filed by BPPR on 12/13/2017. *The Notice of Mortgage Payment Change* filed by BPPR informed a payment change, effective on January 1, 2018 for an escrow account payment adjustment of $208.94, for a total new payment of $1,246.00 related to the secured mortgage included in proof of claim no. 4. The Debtors alleged that the *Notice of Postpetition Mortgage Fees, Expenses, and Charges* filed by BPPR failed to comply with applicable rules and that the same was unintelligible, as it was completely devoid of itemized information, as mandated by Rule 3002.1(c) and, therefore, the parties were unable to

asses if the charges are warranted. On December 28, 2017, BPPR filed an Amended *Notice of Postpetition Mortgage Fees, Expenses, and Charges,* which stated that: (a) $50.00 correspond to attorney's fees and expenses regarding the *Notice of Mortgage Payment Change* and (b) $100.00 correspond to the attorney's fees and expenses regarding the *Notice of Postpetition Mortgage Fees, Expenses and Changes* (See claim register, proof of claim no. 4). On the same date, BPPR filed its response alleging that its *Amended Notice of Postpetition Mortgage Fees, Expenses, and Charges* provided additional information as to the nature and the amount of the fees and expenses claimed. Aditionally, BPPR argued that the "debtors['] request is totally groundless and without merit, since the notice of Mortgage Payment Change and the NPPF [Notice of Postpetition Mortgage Fees, Expenses, and Charges] comply with the form and content requirements set forth in Fed. R. Bankr. P. 3002.1(d)."

Moreover, the Debtors replied to BPPR's *Response to Motion to Strike Docket Entry Number 27 filed by Banco Popular de Puerto Rico* (Docket No. 26), and further expanded their basis to object the fees charged by the creditor in its *Notice of Postpetition Fees, Expenses and Charges*. The Debtors alleged that the *Notice of Mortgage Payment Change* included information related to changes in the mortgage account resulting from interest rate and escrow account adjustments, which are notices subject to a disclosure requirement pursuant to the Truth in Lending Act (TILA) and the Real Estate Procedures Act (RESPA) and that the 3002.1(b) notice served as a cover sheet for already required notices under the applicable laws. The Debtors stated that federal law forbids BPPR from assessing charges for the preparation of escrow analysis and reports. The Debtors alleged that mortgage holders and/or servicers have the duty to notify borrowers, every year, any shortfall or surplus on their mortgage escrow without any additional charge.

Furthermore, the Debtors supported their arguments in In Re Carr, 468 B.R. 806 (Bankr. E.D.Va. 2012) (Denying fees charged by creditor for its response pursuant to Rule 3002.1(g)) and In Re Adams, 2012 Bankr. LEXIS 1943，2012 WL 1570054, (Bank. E.D. NC 2012) (Determining that mortgage companies have routinely serve notices of mortgage payment change

and that the creditor had failed to show that the services provided required the assistance of an attorney). The Debtors stated that the forms required to comply with Fed. R. Bnkr. P. 3002.1(b) are ordinarily prepared by clerical staff and do not require any attorney involvement. Aditionally, the Debtors alleged that the notices under Fed. R. Bnkr. P. 3002.1 do not carry the *prima facie* evidentiary benefits of Rule 3001(f), and absent evidence to support the fees, BPPR had not satisfied the burden of proof as to reasonability.

BPPR stated that, as a supplement to the proof of claim, a notice of post-petition fees is vital to the protection of a creditor's claim and is not a ministerial act. The Creditor argued that "[b]ecause Rule 3002.1 imposes substantial consequences for creditors that fail to comply, it is reasonable for a creditor to rely upon legal counsel to prepare a claim supplement." BPPR further alleged that, considering that the notice does not carry the prima facie evidentiary benefits, "the notice is more susceptible to challenge. In addition, Rule 3002.1(i) authorizes a court to impose sanctions for missing or defective information in the notice. If a creditor neglects to supply the information required by Rule 3002.1, the Court may either prohibit the omitted information from being introduced in the case, or it may award other appropriate relief, including expenses and attorney's fees caused by the failure".

Factual Background

The Debtors filed a voluntary chapter 13 petition on September 1, 2017 (Docket No. 1). On September 5, 2017, the Debtors filed a chapter 13 plan providing for direct current payments and the curing of arrears to BPPR (Docket No. 7). In May 2, 2018, the court confirmed the amended chapter 13 plan dated January 17, 2018. The same provides for the direct payments and of arrears of secured claim number 4 filed by BPPR.

In December 13, 2017, BPPR filed a *Notice of Mortgage Payment Change* and, on the same date, a *Notice of Postpetition Mortgage Fees, Expenses, and Charges* requesting fees in the amount of $150.00, both pursuant to Rule 3002.1. After the objection filed by the Debtors, BPPR amended its *Notice of Postpetition Mortgage Fees, Expenses, and Charges*, and divided the fees

in two items: $50.00 related to attorney's fees and expenses for the filing of the *Notice of Mortgage* Payment Change, and $100.00 related to attorney's fees and expenses for the filing of the *Notice of Postpetition Mortgage Fees, Expenses, and Charges*. The Debtors reargued their objections after the amendment. The Notice was filed as a supplement to proof of claim number 4 in the official form 410S1. BPPR contends that the notice complies with the requirements of Rule 3002.1. The notice was objected by the Debtors and is the subject of this order.

Legal Analysis

Fed. R. Bankr. P. 3002.1 ("Rule 3002.1") became effective on December 1, 2011, and amended on December 1, 2016, and applies only to residential mortgages in chapter 13 cases. Rule 3002.1(a). The intent is to provide a procedural device for bankruptcy courts to resolve how much a chapter 13 debtor owes on a residential mortgage and prevent "unexpected deficiencies" prior to the closing of the case. The rule supplements the provisions of §1322(b)(5) for the cure and maintenance of payments on a debtor's residential mortgage. 9 Collier on Bankruptcy ¶ 3002.1.02 (Alan N. Resnick & Henry J. Sommer, 16th Ed.).

A secured creditor holding a lien over the residence of a chapter 13 debtor must give notice to the debtor, debtor's counsel and the chapter 13 trustee of any post-petition change to the mortgage payment at least twenty-one (21) days before the new payment is due. Rule 3002.1(b). Any recoverable fee, charge or expense must be notified within one hundred and eighty (180) days from incurring the same and must be detailed and itemized. Rule 3002.1 (c). The notice must be in the prescribed official form and does not constitute prima facie evidence of its validity. Rule 3002.1 (d). Since there is no presumption of validity, the notice must describe the charges with particularity. The debtor must challenge any itemized fee, charge or expense within one (1) year after notice is given. Rule 3002.1(e). The chapter 13 trustee must give notice of final payment upon plan completion within thirty (30) days. Rule 3002.1(f). The secured creditor must reply to the chapter 13 trustee's notice within twenty-one (21) days and inform whether the pre-petition default was cured and whether the debtor is current on payments under § 1322(b)(5) and

itemize any noncompliance. Rule 3002.1 (g). The chapter 13 trustee or the debtor must respond within twenty-one (21) days stating any disagreement with the secured creditor's itemized notice. Rule 3002.1(h). Sanctions against a secured creditor may be imposed for violation of its duties under the rule. Rule 3002.1(i).

The issue before the court is whether a secured creditor holding a lien over a chapter 13 debtor's residence may charge a fee for the preparation of the *Notice of Mortgage Payment Change* form and the filing of a *Notice of Postpetition Mortgage Fees, Expenses, and Charges*.

The court recently considered the issue in In Re Garcia Rivera, 15-07601, *Opinion and Order* at Docket No. 103. The court concluded that the filing of a Rule 3002.1 Notice of Postpetition Mortgage Fees, Expenses, and Charges, as a supplement to a proof of claim, is a business function that does not require the assistance of counsel. Should there be specific reasons why the assistance of counsel is needed, the need must be included in the notice for there to be entitlement to a fee. The court finds that the present facts do not warrant a different determination. BPPR has not argued any particular reason why the assistance of counsel was necessary. Therefore, the fees requested by the Creditor are not warranted.

## Conclusion

In view of the foregoing, the court hereby grants the Debtors' request and concludes that the secured creditor, under the facts and circumstances of this particular case, is not entitled to the fee in the amount of $150.00.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of February, 2019.

Enrique S. Lamoutte
United States Bankruptcy Judge